IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JUDIA ELLIOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 123-172 |
| | ) |
| VINEBROOK HOMES, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, brings her third federal case concerning the eviction proceedings related to Butler Manor Drive in Hephzibah, Georgia, and she seeks to proceed *in forma pauperis*. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), this case be **DISMISSED** for lack of subject matter jurisdiction, and this civil action be **CLOSED**.

**I.   Background**

Earlier this year, Plaintiff removed a dispossessory action filed against her by Vinebrook Homes ("Vinebrook") in the Magistrate Court of Richmond County. See Vinebrook Homes v. Elliott, Civ. Act. No. 123-068, doc. no. 1 (S.D. Ga. June 2, 2023).[1] On July 11, 2023, the Court remanded the case for lack of subject matter jurisdiction. Id., doc. nos. 6, 10. Undeterred, Plaintiff filed a second federal case on August 23, 2023, requesting the Court issue an injunction to stop Vinebrook from evicting her from the property located on

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records . . . .").

Butler Manor Drive.  Elliot v. Vinebrook Home[s], Civ. Act. No. 123-119, doc. no. 1 (S.D. Ga. Aug. 23, 2023).[2]  That case, too, was dismissed for lack of subject matter jurisdiction.  Id., doc. nos. 4, 7.  All the while, Plaintiff was simultaneously – and unsuccessfully – attempting to stop the eviction in the Superior Court of Richmond County, Georgia.  Vinebrook Homes v. Elliott, Civ. Act. No. 2023 RCCV 00284 (Super. Ct. Richmond Cnty. June 12, 2023), available at https://cocaugustaga.com/mainpage.aspx (follow "Civil Search" hyperlink; then search for "Elliot, Judia," last visited Dec. 1, 2023), Ex. A hereto.[3]  Plaintiff's appeal to the Georgia Court of Appeals was dismissed.  Elliot v. Vinebrook Homes, Case No. A24A0267 (Ga. Ct. App. Oct. 10, 2023), available at https://www.gaappeals.us/docket-search, enter "Judia Elliot," select Start Docket Search, select Case Number A24A0267, select View Opinion/Order, last visited Dec. 1, 2023), Ex. B hereto.

## II.   Discussion

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly

---

[2]Plaintiff's last name is variously spelled "Elliot" and "Elliott" in court documents.  The Court uses the specific spelling associated with each case, as there is no question the person is the same person appearing as Plaintiff in this case.

[3]United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

"allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

As the Court previously explained in Plaintiff's prior two federal cases, state eviction cases do not form a basis for federal jurisdiction.  Plaintiff's statement of claim states in its entirety, "Vinebrook Homes attempted to evict me illegally while an appeal was on file." (Doc. no. 1, p. 4.)  There can be no doubt that "[t]his is a tenant-eviction case that doesn't belong in federal court."  Gundogdu v. WDF-4 Wood Harbour Park Owner, LLC, No. 21-61003-CIV, 2022 WL 2702624, at *1 (S.D. Fla. July 12, 2022).  Indeed, this Court and others within the Eleventh Circuit have routinely rejected attempts to bring dispossessory actions in federal court that are based only on state law, as they state no federal claim.  See, e.g., id.; Daley Realestate v. Bester, No. CV422-267, 2022 WL 18276705, at *3 (S.D. Ga. Nov. 16, 2022) ("Simply put, because landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis of federal question jurisdiction." (citation omitted)), *adopted by* 2023 WL 174994 (S.D. Ga. Jan. 12, 2023); Chastain v. Soomro, No. 3:20CV4181-MCR-HTC, 2020 WL 2231822, at *3 (N.D. Fla. Mar. 18, 2020) (finding no federal question jurisdiction where

3

plaintiff alleged defendant "unlawfully evicted her, and unlawful eviction is a state law claim"), *adopted by* 2020 WL 2216905 (N.D. Fla. May 7, 2020); Am. Homes 4 Rent Props. Eight, LLC ISAOA v. Green, CV 115-068, 2015 WL 5043222, at *2 (S.D. Ga. Aug. 25, 2015) (collecting cases for proposition dispossessory action is matter of state law) (Hall, C.J.).

Additionally, upon examination of the docket in the state court proceedings, it appears Plaintiff is simply attempting to end-run the result of an unfavorable outcome in state court by filing this federal case.  Specifically, the document attached to her federal complaint bears the same title, as well as the case number of, a document filed in the state court proceedings on the same day this federal case was filed.  Cf. doc. no. 1, p. 6 with Ex. A, Nov. 27, 2023 doc. entry for "Judge in Ex Officio Capacity Notice of Demand for a Trial De Novo/Writ of Error." In sum, nothing in the record establishes federal question jurisdiction.

Nor has Plaintiff pleaded diversity of citizenship, and it is obvious there is no such jurisdiction.  Plaintiff lists Georgia addresses for herself and Defendant, and she has not shown the amount in controversy exceeds the $75,000 threshold.  (Doc. no. 1, pp. 3-4.)

### III. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), this case be **DISMISSED** for lack of subject matter jurisdiction, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 1st day of December, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA